1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JIMMY TRAN,                          )   Case No. CV 12-8644 JC
                                     )
                  Plaintiff,         )
                                     )
        v.                           )   MEMORANDUM OPINION AND
                                     )   ORDER OF REMAND
                                     )
CAROLYN W. COLVIN,[1]                )
Acting Commissioner of Social        )
Security,                            )
                                     )
                  Defendant.         )
_____     )

I.    **SUMMARY**

        On October 11, 2012, plaintiff Jimmy Tran ("plaintiff") filed a Complaint

seeking review of the Commissioner of Social Security's denial of plaintiff's

application for benefits.  The parties have consented to proceed before a United

States Magistrate Judge.

        This matter is before the Court on the parties' cross motions for summary

judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

Court has taken both motions under submission without oral argument.  See Fed.

R. Civ. P. 78; L.R. 7-15; October 16, 2012 Case Management Order ¶ 5.

_____

        [1]Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to
Fed. R. Civ. P. 25(d).

1   Based on the record as a whole and the applicable law, the decision of the
2   Commissioner is REVERSED AND REMANDED for further proceedings
3   consistent with this Memorandum Opinion and Order of Remand.

4   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5   **DECISION**

6   On October 27, 2009, plaintiff filed an application for Supplemental
7   Security Income benefits.  (Administrative Record ("AR") 130).  Plaintiff asserted
8   that he became disabled on March 27, 2007, due to auditory hallucinations and
9   depression.  (AR 150).  The Administrative Law Judge ("ALJ") examined the
10  medical record and heard testimony from plaintiff (who was represented by
11  counsel) and a vocational expert on March 2, 2011.  (AR 48-65).

12  On May 26, 2011, the ALJ determined that plaintiff was not disabled
13  through the date of the decision.  (AR 31-43).  Specifically, the ALJ found:
14  (1) plaintiff suffered from the following severe impairments:  substance induced
15  mood disorder, depression and hypertension (AR 33); (2) plaintiff's impairments,
16  considered singly or in combination, did not meet or medically equal a listed
17  impairment (AR 33); (3) plaintiff retained the residual functional capacity to
18  perform medium work (20 C.F.R. § 416.967(c)) with additional limitations[2] (AR
19  35); (4) plaintiff could not perform his past relevant work (AR 41); (5) there are
20  jobs that exist in significant numbers in the national economy that plaintiff could
21  perform, specifically kitchen helper, hand packager, and production assembler
22  (AR 42); and (6) plaintiff's allegations regarding his limitations were not credible
23
24  _____

25      [2]The ALJ determined that plaintiff:  (i) could lift and carry 50 pounds occasionally and 25
26  pounds frequently; (ii) could stand/walk six hours in an eight-hour workday; (iii) could sit six
    hours in an eight-hour workday; (iv) could perform simple and repetitive tasks with mild to less
27  than moderate impairment in attention and concentration; (v) should not be required to work in
    coordination with others and should "work in solitary"; and (vi) should not interact with the
28  public.  (AR 35).

2

1  to the extent they were inconsistent with the ALJ's residual functional capacity
2  assessment (AR 40).

3      The Appeals Council denied plaintiff's application for review.  (AR 6).

4  **III.   APPLICABLE LEGAL STANDARDS**

5      **A.   Sequential Evaluation Process**

6          To qualify for disability benefits, a claimant must show that the claimant is
7  unable "to engage in any substantial gainful activity by reason of any medically
8  determinable physical or mental impairment which can be expected to result in
9  death or which has lasted or can be expected to last for a continuous period of not
10  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)
11  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The
12  impairment must render the claimant incapable of performing the work claimant
13  previously performed and incapable of performing any other substantial gainful
14  employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,
15  1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

16          In assessing whether a claimant is disabled, an ALJ is to follow a five-step
17  sequential evaluation process:

18      (1)   Is the claimant presently engaged in substantial gainful activity?  If
19            so, the claimant is not disabled.  If not, proceed to step two.

20      (2)   Is the claimant's alleged impairment sufficiently severe to limit
21            the claimant's ability to work?  If not, the claimant is not
22            disabled.  If so, proceed to step three.

23      (3)   Does the claimant's impairment, or combination of
24            impairments, meet or equal an impairment listed in 20 C.F.R.
25            Part 404, Subpart P, Appendix 1?  If so, the claimant is
26            disabled.  If not, proceed to step four.

27  ///
28  ///

3

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

4

1  evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.

2  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

3  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

4  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

5  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

6  **IV.   DISCUSSION**

7       Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could

8  perform the occupations of kitchen helper, hand packager and production

9  assembler because the level of coordination with others required by such jobs is

10 inconsistent with plaintiff's limitation to solitary work that does not require

11 coordination with others.  (Plaintiff's Motion at 4-9).  The Court agrees.  As the

12 Court cannot find that the ALJ's error was harmless, a remand is warranted.

13      **A.   Pertinent Law**

14      If, at step four, the claimant meets his burden of establishing an inability to

15 perform past work, the Commissioner must show, at step five, that the claimant

16 can perform some other work that exists in "significant numbers" in the national

17 economy (whether in the region where such individual lives or in several regions

18 of the country), taking into account the claimant's residual functional capacity,

19 age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R

20 § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  Where, as here, a claimant suffers

21 from both exertional and nonexertional limitations, the Grids do not mandate a

22 finding of disability based solely on the claimant's exertional limitations, and the

23 claimant's non-exertional limitations are at a sufficient level of severity such that

24 the Grids are inapplicable to the particular case, the Commissioner must consult a

25 vocational expert.[3]  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see

26

27

28      [3]The severity of limitations at step five that would require use of a vocational expert must
be greater than the severity of impairments determined at step two.  Hoopai v. Astrue, 499 F.3d
1071, 1076 (9th Cir. 2007).

5

1   Lounsbury v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006);

2   Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).

3          The vocational expert's testimony may constitute substantial evidence of a

4   claimant's ability to perform work which exists in significant numbers in the

5   national economy when the ALJ poses a hypothetical question that accurately

6   describes all of the limitations and restrictions of the claimant that are supported

7   by the record. See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886

8   (finding material error where the ALJ posed an incomplete hypothetical question

9   to the vocational expert which ignored improperly-disregarded testimony

10  suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001)

11  ("If the record does not support the assumptions in the hypothetical, the vocational

12  expert's opinion has no evidentiary value.").

13         ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in

14  determining the skill level of a claimant's past work, and in evaluating whether the

15  claimant is able to perform other work in the national economy." Terry v.

16  Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also

17  20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information). The DOT

18  is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d

19  1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's

20  testimony regarding the requirements of a particular job without first inquiring

21  whether the testimony conflicts with the DOT, and if so, the reasons therefor.

22  Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social

23  Security Ruling 00-4p).[4]  In order for an ALJ to accept vocational expert testimony

24  that contradicts the DOT, the record must contain "persuasive evidence to support

26         [4]Social Security rulings are binding on the Administration. See Terry, 903 F.2d at 1275.

27  Such rulings reflect the official interpretation of the Social Security Administration and are

28  entitled to some deference as long as they are consistent with the Social Security Act and
    regulations. Massachi, 486 F.3d at 1152 n.6.

6

1  the deviation." <u>Pinto v. Massanari</u>, 249 F.3d 840, 846 (9th Cir. 2001) (quoting

2  <u>Johnson</u>, 60 F.3d at 1435).  Evidence sufficient to permit such a deviation may be

3  either specific findings of fact regarding the claimant's residual functionality, or

4  inferences drawn from the context of the expert's testimony.  <u>Light v. Social</u>

5  <u>Security Administration</u>, 119 F.3d 789, 793 (9th Cir.), <u>as</u> <u>amended</u> (1997)

6  (citations omitted).

7       **B.     Analysis**

8       Here, the ALJ erred at step five because he found plaintiff not disabled

9  based on testimony from the vocational expert which, without persuasive

10 explanation, deviated from the DOT.

11      First, the vocational expert's testimony was inconsistent with the DOT.  In

12 his hypothetical question to the vocational expert, the ALJ included a limitation to

13 occupations "that do[] not require the individual to work in concert with other

14 individuals," and specifically added that while the hypothetical individual "[could]

15 be around other coworkers, . . . the work should be solitary and not in

16 coordination" (*i.e.*, should not involve "assembly line" type of work ).  (AR 61).

17 The vocational expert testified that, despite such limitations, plaintiff (or a

18 hypothetical person with plaintiff's characteristics) could perform the occupations

19 of kitchen helper, hand packager and production assembler.  (AR 62-63).  As the

20 ALJ noted, however, the title kitchen "helper" suggests that such job requires

21 coordination with others.  (AR 62).  Similarly, the occupations of hand packager

22 and production assembler appear to involve assembly line types of work which, as

23 the ALJ noted (AR 61), involve coordination with others.  For example, according

24 to the DOT, a hand packager "[s]tarts, stops and regulates speed of conveyor," and

25 a production assembler "[p]erforms repetitive bench or line assembly operations."

26 <u>See</u> DOT §§ 706.687-010 ("Assembler, Production"), 920.587-018 ("Packager,

27 Hand").  Thus, a person who was limited to "solitary" work and lacked the ability

28 ///

                                            7

1  to work in concert with others would be precluded from all three of the identified
2  occupations.

3        Second, the record lacks persuasive evidence which supports such
4  deviation.  Since neither the vocational expert nor the ALJ acknowledged that
5  there was a conflict between the vocational expert's testimony and the DOT
6  requirements for the occupations of hand packager and production assembler,
7  neither made any attempt to explain or justify the deviation with respect to such
8  jobs.  In addition, as defendant correctly notes, the ALJ did inquire whether the
9  occupation of kitchen worker required the ability to work in concert with others
10 (*i.e.*, whether "helper . . . implies coordination").  (AR 62).  The vocational expert
11 explained:

12        Generally the helping task – this person would be working
13        probably for a cook doing simple things like loading or unloading
14        food items, perhaps washing vegetables, things like that.  Tasks that
15        are understood with a simple, verbal order and no need to have any
16        kind of a detailed conversation or following instructions.  Maybe
17        putting dishes in a dishwasher or maybe washing pots and pans by
18        hand.

19 (AR 62).  Nonetheless, it does not appear that the ALJ was persuaded by the
20 explanation, since the ALJ inquired "[w]hat would happen if I said that maybe that
21 [] level of coordination is not indicated."  (AR 62-63).  The ALJ then readily
22 accepted the vocational expert's proffer of two alternative representative jobs (*i.e.*,
23 hand packager and production assembler) which, as noted above, were also
24 beyond plaintiff's limitations.  (AR 63).  At the hearing the ALJ did not provide
25 any justification for any conflict between plaintiff's abilities and the level of
26 coordination required of a kitchen helper, and in the decision the ALJ simply
27 stated that the vocational expert's testimony "[was] consistent with . . . the
28 [DOT]."  (AR 42).  Accordingly, the Court cannot conclude that the vocational

1   expert's testimony, which the ALJ adopted, was substantial evidence supporting

2   the ALJ's determination at step five that plaintiff could perform any of the

3   representative occupations.  Pinto, 249 F.3d at 846.

4          Finally, the Court cannot find such error harmless as defendant points to no

5   other persuasive evidence in the record which could support the ALJ's

6   determination at step five that plaintiff was not disabled.  See, e.g., id. (remand

7   warranted where ALJ found claimant not disabled at step four based "largely" on

8   vocational expert's testimony that conflicted with DOT, neither ALJ nor

9   vocational expert addressed the deviation, and ALJ otherwise "made very few

10  findings"); cf. Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ

11  erred in finding that claimant could return to past relevant work based on

12  vocational expert's testimony that deviated from DOT because ALJ "did not

13  identify what aspect of the [vocational expert's] experience warranted deviation

14  from the DOT, and did not point to any evidence in the record other than the

15  [vocational expert's] sparse testimony" to support the deviation, but error was

16  harmless in light of ALJ's alternative finding at step five, which was supported by

17  substantial evidence, that claimant could still perform other work in the national

18  and local economies that existed in significant numbers ).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  April 30, 2013

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

_____

[5]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).